UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 01-4873

SHAELA CE WILLIAMS,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-107)

Submitted: April 18, 2002

Decided: April 29, 2002

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Shaela Ce Williams pled guilty to possession with intent to distribute cocaine base (21 U.S.C.A. §§ 841(a)(1) and (b)(1)(A) (West Supp. 2001)), and carrying a firearm during and relation to a drug trafficking crime (18 U.S.C.A. § 924(c)(1)(A)(i) (West 2001)). She was sentenced to a total of 181 months imprisonment. Williams noted a timely appeal and her counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal. Williams was informed of her right to file a pro se supplemental brief, and she has not done so.

Williams, through counsel, questions the district court's decision not to award an adjustment based upon acceptance of responsibility. Prior to her arrest, Williams had advised law enforcement officers that she knew her co-defendant was a drug dealer and that she served as his "co-pilot" for the transactions. During her interview for the pre-sentence report, Williams retracted those statements, but maintained her guilty plea to the crimes. The probation officer recommended denying a downward adjustment for acceptance of responsibility due to Williams' retractions. The district court accepted the probation officer's recommendation and sentenced Williams to the statutory minimum for each crime.

We find Williams' sentence is appropriate under relevant statutory and guideline provisions. Because Williams did not object to the pre-sentence report, we review her claim for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Furthermore, an adjustment based upon acceptance of responsibility lies squarely within the district court's discretion. *U.S. Sentencing Guidelines Manual* § 3E1.1 (2000). The district court questioned Williams regarding her two stories and she responded that she did not know why she changed her mind. Throughout the proceedings, though, Williams consistently

admitted her guilt to the crimes charged. Therefore, the district court did not abuse its discretion.

In accordance with *Anders*, we have reviewed the record and find no meritorious issues. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*